

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. J. Isaacks, Chairman
Committee on Judiciary and Uniform State Laws
Austin, Texas

Dear Mr. Isaacks:

Opinion No. O-5040
Re: Constitutionality of H. B.
No. 359, 46th Legislature,
Regular Session.

We beg to acknowledge receipt of your request for an opinion of this department with respect to the constitutionality of the above-captioned House Bill No. 359.

Section 1 of the bill is as follows:

"After the issuance or return of an unsatisfied execution against the property of the judgment or any one of several debtors in the same judgment, and upon filing in such case of an affidavit that any person, firm, party, or corporation, municipal or otherwise, or the federal or state government or any subdivision or agency thereof, has property of such judgment debtor, or is or will be from time to time indebted to said debtor in any amount, although the amount shall be determined from time to time as it becomes due and payable, which, together with other property claimed by such debtor as exempt from execution, shall exceed the amount of property so exempt by law, then such person, firm, party or corporation, or any member thereof, or the federal or state auditor or any auditing officer of such municipal corporations, or federal or state subdivisions or agencies, shall be required to appear and answer in said judgment suit concerning such property or indebtedness in the respect aforementioned; provided such third parties shall not be required to appear personally in court, but interrogatories shall be transmitted by ordinary

mail or otherwise to the person required to
answer the same by the justice of the peace
or clerk of the court, and on receipt of such
interrogatories, such person shall make sworn
answer to such interrogatories and return the
same to said clerk or justice of the peace,
and such court or justice of the peace shall
have full power to compel answers thereto."

Section 2 provides:

"When an execution against the property of
the judgment debtor, or any of several debtors
in the same judgment, is returned unsatisfied
in whole or in part, or if the plaintiff or
other person in plaintiff's behalf, after the
issuance of an execution against property,
shall make and file an affidavit in such case
with the clerk of the court or justice of the
peace, to the effect that the judgment debtor
has property, income, earnings, or profits,
describing the same, which said debtor unjust-
ly refuses to apply toward the satisfaction of
the judgment, the judgment creditor shall be
entitled to have a subpoena issued out of the
case wherein such judgment arose, by the clerk
of the court or justice of the peace, during
any term or vacation, requiring the judgment
debtor, under penalty of contempt of court as
in other cases, to appear before the judge of
such court or justice of the peace at a time
to be specified therein and make sworn answer
concerning the nature and extent of his prop-
erty, income, earnings or profits."

The essence of the bill is that it authorizes a
proceeding in the nature of discovery, and is not an at-
tempt to change or modify the constitutional or statutory
provisions exempting current wages for personal service.
On the contrary, it purports to affect only non-exempt
property.

We have examined the bill to determine whether
or not it is open to the invalidity of imprisoning one for
debt.

Section 3 reads as follows:

"Upon a hearing of any such proceedings supplementary to execution the judge of the court or justice of the peace may order the judgment debtor to apply any property, income, earnings, or profits belonging to him, not exempt from execution, to the satisfaction of the judgment, and may forbid the judgment debtor to transfer otherwise any of his property or choses in action to the extent same shall not be exempt and order that the judgment or execution shall be a continuing lien thereon from the date such order is made against the judgment debtor; and said judge or justice of the peace shall have full power to enforce all orders and decrees in the premises under foreclosure or otherwise, or at any such hearing proceedings may be had, when appropriate, for the application of such property or choses in action toward the satisfaction of the judgment as provided upon return of an execution."

The bill contemplates that upon a hearing the court may order the judgment debtor to apply any property in his hands, not exempt from execution, to the satisfaction of the judgment. This would, of course, include money. It is to be noticed that particular section does not visit the penalties of contempt for a refusal to make such application; but whether so or not, as an incidental power, the court would be authorized by the terms of the Act to enforce his orders through contempt proceedings. In any event, however, where non-exempt property, including money, in the possession of the defendant has been brought under the control of the court in the manner contemplated by the bill, after a hearing in orderly process, the court would be within the terms of the bill, and the bill itself, we think, would be within constitutional limitations, and the court might order its delivery to the judgment creditor, if the impounded property consisted of money, or if it consisted of other property, could order the same sold as upon execution, and the proceeds applied to the payment of the judgment.

Such a proceeding would be no basis for the contention that the judgment debtor, upon being fined for contempt in disobeying the order, would be imprisoned for debt. The authorities abundantly support this conclusion. See:

Wilson v. Columbia Casualty Co., 150
  N. E. 906;
Crafts v. Pelfus, 168 Atl. 755;
Keeks v. State, 98 S. W. 578;
Smith v. Smith, 95 Atl. 890;
Murphy v. Henson, 221 S. W. 135;
Roberts v. Stoner, 18 Mo. 481;
Perry v. Pernet, 74 N. E. 609;
In re: Harrington's Estate, 1 Pac.
  (2) 850;
Samel v. Dodd, 142 Fed. 68;
Jeffries v. Laurie, 27 Fed. 195;
15 C. J. S. p. 594, Sub-title "Contempt."

The legal conception in such a situation is that
the commitment for contempt is not a commitment for non-
payment of the debt, but on the other hand, is the exercise
of a necessarily incidental power to enforce the valid or-
ders by the court for delivery of funds or property in ac-
cordance with the order of the court upon a hearing.

Neither is the bill wanting in due process. It is
true the bill in Section 3 authorizes the court, upon a hear-
ing of any such proceeding supplementary to execution, to
order the judgment debtor to apply any property not exempt
from execution to the satisfaction of the judgment. But it
is to be seen that this is only done after a hearing, and a
hearing necessarily implies a legal hearing, one of which
all interested parties are to have notice and opportunity to
be heard.

The Section further authorizes the judge or justice
of the peace at such hearing to enforce all orders and decrees
in the premises under foreclosure or otherwise, but this would
not be construed to give to the justice of the peace, for in-
stance, jurisdiction to foreclose a lien upon property of
which it would otherwise not have jurisdiction, because the
proceeding there contemplated is a foreclosure of the lien
arising from the execution directing its sale as in ordinary
cases of levy of the writ issued upon unsatisfied judgments.
The courts will not adopt a construction of an act that would
destroy the act, but on the contrary, would be quick to adopt
a construction that would save the act -- that is, make it ef-
fective.

There is considerable ambiguity in Section 4 of the
bill. It is indefinite and very difficult of understanding.
It is possibly open to the vice that there is no legal basis

for the classification of exemptions there made. But doubt alone is not sufficient to strike down a legislative act, it must be clear -- beyond a reasonable doubt -- that the act is in violation of the Constitution to authorize a court to condemn it. The section might be held to be void for indefiniteness, but this would not be a constitutional vice, since an indefinite or meaningless act is a nullity. Even though the section of exemptions should be stricken for constitutional invalidity, under the separability clause of the bill, that section alone would fall, and not the entire act.

The suggestion has been made to us that the bill is unconstitutional in authorizing a proceeding against the Federal or State Government, or its agents, and our attention has been called to Buchanan v. Alexander, (U.S.) 11 Law ed. 857. But this case affords no support for that suggestion.

That case did not consider any constitutional invalidity in the statute or proceeding involved, but on the contrary, merely held that funds in the hands of a governmental agent did not constitute property of the judgment debtor, nor a debt owing to him by such agent, under a statute similar to the bill before us. The court said:

"The funds of the Government are specifically appropriated to certain National objects, and if such appropriations may be diverted and defeated by state process or otherwise, the functions of the Government may be suspended. So long as money remains in the hands of a disbursing officer, it is as much the money of the United States as if it had not been drawn from the treasury. Until paid over by the agent of the Government to the person entitled to it, the funds can not, in any legal sense, be considered a part of his effects. The purser is not the debtor of the seamen."

The same ruling would no doubt be made under the present bill, if it were a law, and the Government or its agent was sought to be held, under its provisions.

We are not prepared to hold that H. B. 359 is clearly forbidden by any constitutional provision.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 31, 1943
Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR

APPROVED OPINION COMMITTEE
BY DM CHAIRMAN

OS:mw